IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROLF W. BERGNER, | ) | 8:07CV139 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Rolf Bergner filed an application for a period of disability and disability insurance benefits, alleging disability beginning October 30, 2003. After a hearing, an Administrative Law Judge ("ALJ") rendered a partially favorable decision, finding that Bergner was disabled and eligible for benefits for a period beginning on October 30, 2003 and ending on November 1, 2004, and that Berger ceased to be disabled after November 1, 2004. The issues on appeal relate to the ALJ's finding that Berger ceased to be disabled after November 1, 2004. Specifically, the issues are whether the ALJ erred in failing to give controlling weight to the opinions of Bergner's treating psychiatrist and in failing to give weight to findings of disability made by the Veterans Administration ("VA"). I will deny the appeal and affirm the decision of the ALJ (which constitutes the Commissioner's final decision).

## I. BACKGROUND

The ALJ found that Bergner suffers from the severe impairments of alcohol dependence in remission, bipolar disorder, and some personality disorders. Bergner sought treatment at the VA on November 3, 2003, indicating a recent period of significant alcohol use and noting depression. He received treatment at the VA's inpatient psychiatric unit from November 3, 2003 to November 18, 2003. He was transferred to the Omaha VA's Substance Abuse Treatment Center ("SATC") on

November 18, 2003 and remained there until December 8, 2003. (T. 17.) The ALJ found, and the parties do not dispute, that Bergner was disabled and eligible for benefits for a period beginning on October 30, 2003 and extending at least until November 1, 2004. The ALJ found that Bergner's disability ended on November 1, 2004, because his condition improved. Berger asserts that his disability did not end then and continues.

The SATC medical director, S. Parzada Sattar, M.D., became Bergner's treating psychiatrist on November 18, 2003. (T. 350.) Dr. Sattar completed three disability forms on October 27, 2005. (T. 494-507, Psychiatric Review Technique; T. 508-511, Mental Residual Functional Capacity Assessment; T. 512-513, Medical Source Statement of Ability to Do Work-Related Activities (Mental).) Dr. Sattar also submitted two letters opining as to Bergner's limitations which were considered by the ALJ. (T. 350 (November 28, 2005 letter), T. 515 (February 6, 2006 letter).) If the opinions in Dr. Sattar's forms and letters were given controlling weight, Bergner would have been found disabled for the entire period at issue.

However, the ALJ determined that Dr. Sattar's opinions were *not* entitled to controlling weight, as they were inconsistent with the treatment notes of Dr. Sattar and addiction therapist Michael Rector. (T. 20.) Based on medical evidence of improvement after November 1, 2004, the ALJ found that Bergner's disability ended on November 1, 2004. (T. 22-24.) The ALJ's decision was dated June 7, 2006. After the ALJ's decision, Dr. Sattar submitted a third letter opining as to Bergner's limitations. (T. 570 (July 28, 2006).) This third letter was considered by the Appeals Council when it denied Bergner's request for review. (T. 5-8.)[1]

---

[1] As the Appeals Council considered the July 2006 letter, it is considered part of the record for purposes of determining whether the ALJ's decision was supported by substantial evidence in the record as a whole. *Cunningham v. Apfel,* 222 F.3d 496, 500 (8th Cir. 2000).

Separately from the social security determinations, the VA made a March 11, 2004 rating decision finding that Berger was rated as 100 percent disabled from November 10, 2003 until January 1, 2004 because of an inpatient hospital stay of more than 21 days. (T. 122.) After that date, he was assigned a seventy percent disability rating, due to bipolar disorder and related conflicts with others, restricted concentration, and other problems. (T. 123.) Bergner was also rated as unemployable, because he was "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." (T. 124.) Because he was "unemployable" under the VA definition, Bergner was allowed VA disability benefits at the 100 percent rate. (T. 127.)

## II. ANALYSIS

A denial of benefits by the Commissioner is reviewed to determine whether the denial is supported by substantial evidence on the record as a whole. *Hogan v. Apfel*, 239 F.3d 958, 960 (8th Cir. 2001). "Substantial evidence" is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *Id.* at 960-61; *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). Evidence that both supports and detracts from the Commissioner's decision must be considered, but the decision may not be reversed merely because substantial evidence supports a contrary outcome. *See Moad v. Massanari*, 260 F.3d 887, 890 (8th Cir. 2001). This court must also review the decision of the Commissioner to decide whether the proper legal standard was applied in reaching the result. *Smith v. Sullivan*, 982 F.2d 308, 311 (8th Cir. 1992). Issues of law are reviewed de novo. *Olson v. Apfel*, 170 F.3d 820, 822 (8th Cir. 1999); *Boock v. Shalala*, 48 F.3d 348, 351 n.2 (8th Cir. 1995); *Smith*, 982 F.2d at 311.

Bergner asserts that the ALJ erred in failing to give controlling weight to the opinions of Dr. Sattar, his treating psychiatrist, and in failing to give weight to findings of disability made by the VA. I consider these assertions in turn.

*Weight Given to Opinions of Treating Psychiatrist*

The medical expert opined that the October 27, 2005 disability forms completed by Dr. Sattar were "not consistent with the treatment notes," as the treatment notes evidenced improvement for periods beginning in November 2004. (T. 19.) The ALJ determined that Dr. Sattar's opinions as reflected in these forms should not be given controlling weight as they were inconsistent with the record. Specifically, the ALJ found as follows:

> Treatment notes from November 2004 to the present indicate the ability to work. Although Dr. Sattar completed 3 different disability statements in October 2005, these are not given controlling weight as they are not supported in the treatment notes. A review of the treatment notes indicate occasional contact with Dr. Sattar with medication management every few months and the medical evidence reflecting that the claimant was doing well. The record dated November 9, 2004 reports that the claimant was stable. He was sober and compl[ia]nt with medication with no side effects. He was attending therapy and AA with no concerns (exhibit 11F/4 [T. 517]). The addiction therapist, Michael Rector, reported on February 7, 2005, that the claimant had seen psychiatrist, Dr. Sattar on that date and he verbalized no concerns (exhibit 7F/117 [T. 465]). [Dr. Sattar's] [t]reatment notes dated March 1, 2005 and May 3, 2005 indicate only mild depression with the condition noted to be stable on September 23, 2005 (exhibit 7F/28, 59, 100 [T. 377, 407, 448]). However, on October 27, 2005, Dr. Sattar noted that the claimant was stressed because of the need to complete documentation for his disability application. It was at this time that the doctor completed the 3 different disability statements for the claimant (exhibit 7F/18 [T. 367]).

(T. 20.)

The ALJ also detailed other record evidence of medical improvement beginning in November 2004. He found that:

[t]reatment notes in November 2004 indicate that the claimant was doing much better. He was compliant with medication reporting no side effects. He was sober and working on anger management. He was attending alcoholic anonymous meetings and in regular contact with his sponsor. He was making good progress in the VA group therapy with addiction therapist, Michael Rector (exhibit 7F/136 [T. 485]). Treatment notes on February 1, 2005, indicate that the claimant had applied for Social Security benefits with his psychiatrist to send information to help his cause. However, it was noted that the psychiatrist had verbalized no concerns when seen prior to this particular session. The claimant was doing well. He was serving as a volunteer in the unit and was driving residential patients to AA meetings (exhibit 7F/117 [T. 465]). Records dated February 5, 2005 note that the claimant was stable and he was taking on leadership roles in therapy (exhibit 7F/115).[2] In March 2005, the record reflects that the claimant was doing well and comfortable in his treatment/situation. He was receiving a 70 percent service connected condition/disability for dysthmic disorder (exhibit 7F/94 [T. 442]).[3] . . . Treatment notes in April 2005 indicate that the claimant had completed the treatment program at the VA, but chose to continue to attend. He was complimented on his improved behavior (exhibit 7F/64 [T. 412]).[4] Records dated June 3, 2005 indicate that the claimant no longer required therapy and was continuing individual counseling by choice, not necessity with only periodic medication management from the

---

[2]Though not specifically noted by the ALJ, this treatment note also indicated that Bergner "was not offended by the rudeness a peer displayed to him," (T. 463), an indication of improvement in anger control.

[3]The same page of the transcript notes that Bergner "confronted one peer about his behavior, letting him know he still liked him even though he was calling him on some issues. Patient also spoke briefly about some of the progress he has made, most notably, in becoming a less angry person." (Tr. 442.)

[4]The same treatment note reflects that although Bergner had experienced sleep disturbances, "[h]e sounds as if he is fairly stable right now, even with sleep disturbance. . . . Although patient reported some minor difficulties today, he seems to be doing well. In the past problems in one or two areas might lead him to conclude his entire life is in rough shape. He seems better at compartmentalization." (T. 412.)

psychiatrist (exhibit 7F/44 [T. 393]).  The final treatment note of record was dated November 8, 2005 indicating that he was preparing for his Social Security hearing previously noting that he did not expect to be awarded benefits.  It was noted that he had been sober for 2 years with some depressive symptoms not impacting recovery (exhibit 7F/15 [T. 364]).

(T. 18.)

A treating physician's opinion "is not inherently entitled" to controlling weight. *Hacker v. Barnhart*, 459 F.3d 934, 937(8th Cir. 2006).  A "treating physician's opinion is due 'controlling weight' *if* that opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'"  *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (*quoting Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (2000) (emphasis added).)  "A treating physician's own inconsistency may also undermine his opinion and diminish or eliminate the weight given his opinions."  *Hacker*, 459 F.3d at 937 (treating physician's opinion not given controlling weight when it conflicted with the record as a whole and with that physician's treatment notes).

The ALJ properly considered the record as a whole and discounted Dr. Sattar's opinions as inconsistent with his own treatment notes as well as the record as a whole. For instance, Dr. Sattar's medical source statement indicates that Bergner had an "extreme" limitation in his ability to interact with others.  (T. 513.)  Yet the notes of addiction therapist Rector, as quoted by the ALJ, show a far less severe level of restriction.  Similarly, Dr. Sattar opined on October 27, 2005 that Bergner had suffered three episodes of decompensation of extended duration.  (Tr. 504.)  The record shows only one episode of extended decompensation–at the time Bergner received inpatient treatment at the VA in November 2003.

Bergner appears to assert that Dr. Sattar's opinions should not be discounted as inconsistent with his treatment notes because his treatment notes presented a falsely

positive view of his mental condition. Bergner's opening brief states that "[i]n his February 6, 2006 letter he [Dr. Sattar] delicately, but specifically and with personal experiences, explains why the medical record, in regard not only to his records but other providers at the VAMC, might not focus on the negative aspects of Bergner's disorders." (Filing 11, P.'s Opening Br., at 6.) This argument is nonsensical. Dr. Sattar's February 6, 2006 letter recounts that Bergner had a major anger outburst when Dr. Sattar sought to transfer Bergner's psychological treatment to another doctor, and that Dr. Sattar made only "mild" comments to Bergner, as Bergner was emotionally uncontrolled and unpredictable even when medicated. (T. 515.) At most, this means that Dr. Sattar might have chosen his words *to Bergner* carefully–it does not justify a failure to fully reflect "the negative aspects of Bergner's disorders" in the *treatment notes*. Further, the treatment notes from Bergner's group therapy ssessions indicate that he developed an ability to control his anger.

Bergner's reply brief asserts in effect that Dr. Sattar's opinions are not really inconsistent with the medical record, because the medical record is incomplete. According to Bergner, the VA medical staff assumed that Bergner was disabled and thus did not document his disabilities. Specifically, he asserts that "Dr. Sattar's treatment notes . . . are bare-bones outlines of his encounters with Bergner," and that the "lack of documentation in Dr. Sattar's records, as well as [in the] VA medical record as a whole, is merely an assertion of the unspoken, but generally held view, that Bergner was not now, nor would ever be, capable of returning to any kind of gainful employment." (Filing 18, P.'s Reply Br. at 1.) The assertion that everyone considered Bergner to be unemployable so did not document the effects of his impairments is ludicrous and does not merit further attention.

*Weight to VA Determination*

Plaintiff contends that the ALJ committed legal error in failing to give proper weight to the findings of the VA that Plaintiff was disabled and unemployable, and

in failing to adequately explain his reasons for not giving weight to these VA findings. (Filing 11, P.'s Opening Br. at 2, 8.) I reject this argument.

Although an ALJ must consider and may not ignore a VA finding of disability, *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998), an ALJ "is not bound by the disability rating of another agency when he is evaluating whether the claimant is disabled for purposes of social security benefits." *Pelkey v. Barnhart*, 433 F.3d 575, 579 (8th Cir. 2006). An ALJ may consider and expressly reject a VA disability finding, so long as the ALJ "fully consider[s] the evidence underlying the VA's final conclusion . . . ." *Id.*

Here, there was no legal error in the ALJ's rejection of the VA's disability rating. The ALJ clearly considered the evidence underlying the VA's final decision, as the evidence before the ALJ consisted largely of medical treatment provided by the VA to Bergner. The ALJ acknowledged and expressly rejected the VA's disability rating, noting that

> [a]lthough the claimant was awarded a partial disability benefit[] through the Veterans Administration, it is noted that the eligibility criteria for the VA is not consistent with eligibility for the Social Security Administration. In addition, a finding of disability by another agency is not binding on the administration (20 CFR 404.1529).

(T. 23.)

The statutory mandate to the VA and regulations governing VA disability findings are substantially different that those of the Commissioner. I give two of many available examples. When there is approximately equal evidence regarding a material issue, the claimant seeking VA benefits must be given the benefit of the doubt. 38 U.S.C. § 5107(b). There is no comparable mandate in the Social Security Act. The VA found Plaintiff disabled because he was hospitalized for over *twenty-one days,* from November 3, 2000 to December 8, 2000 (T. 123), but this alone would be

insufficient to a finding of disability for Social Security purposes. *See, e.g.*, 42 U.S.C. § 423(d)(1)(A) (claimant is not disabled for Social Security disability purposes unless he or she is unable to work because of a medically determinable impairment which lasted or can be expected to last for a continuous period of not less than *twelve months*).

There was additional reason for the ALJ to reject the VA rating decision. The VA's rating decision was made on March 11, 2004. (Tr. 122.) The most recent evidence before the VA was a January 3, 2004 examination. (Tr. 123.) As previously noted, medical evidence before the ALJ showed that Bergner underwent medical improvement after November 1, 2004. The fact that this key evidence was *not* before the VA supports the ALJ's rejection of the VA finding.

For the reasons stated above, I find that the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

Accordingly,

IT IS ORDERED that the decision of the Commissioner is affirmed. Judgment will be entered by separate document.

March 13, 2008.  BY THE COURT:

*s/Richard G. Kopf*
United States District Judge